IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| THIRSTY MULE WINERY, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:19-cv-00041 |
| WILD WILD WEST, LLC | § § § | **JURY DEMANDED** |
| Defendant. | § § § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

Plaintiff Thirsty Mule Winery, LLC ("Plaintiff" or "Thirsty Mule"), appearing through its undersigned counsel, alleges as follows:

**I.      NATURE OF ACTION AND JURISDICTION**

1. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); and trademark infringement, unfair competition, and unjust enrichment under Texas law.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. The Court has personal jurisdiction over Defendant as it resides in Texas, its principle place of business is in Texas, and it sells infringing products in this State and Judicial District. Venue in this Judicial District is proper under 28 U.S.C. § 1391(b).

## II.   PARTIES

4. Plaintiff maintains its principal office at 101 County Road 257, Liberty Hill, TX 78642.

5. Defendant Wild Wild West LLC is a Texas entity with a principal place of business at 8127 N FM 1291, Fayetteville, TX 78940.

## III.   FACTS

**A.   PLAINTIFF THIRSTY MULE AND ITS TRADEMARK "THIRSTY MULE"**

6. Thirsty Mule Winery is owned by Dan and Becca Marek. Winemaking is in the Mareks' blood. Dan Marek's Great Great Grandfather, Vaclav Hanus, who came to America from Czechoslovakia in the late 1800s, began winemaking in LaGrange, Texas in 1891. During the last two year of his life, even unable to walk, Mr. Hanus would work on his knees to teach others how to plant and grow grapes. To carry on the winemaking tradition of the Marek family, Dan and Becca Marek founded Georgetown Winery in September of 2007. Georgetown Winery was the first winery located in Williamson County and is the most award-winning winery in the County. In late 2014, Mr. Marek came up with the Thirsty Mule name and began using the name in connection with wines offered at his Georgetown Winery in December of 2014. In May of 2015, the Mareks decided to open a sister winery to Georgetown Winery and called it Thirsty Mule Winery. Thirsty Mule Winery is the first underground wine tasting bar and winery in Texas. Thirsty Mule Winery, like its sister winery, has earned numerous awards including two bronze medals at the 2017 Houston Livestock Show & Rodeo wine competition.

7. Since at least December of 2014, Plaintiff, has used the THIRSTY MULE Mark, (the "Mark"), in connection with its wines and winery.

8. Georgetown Winery has assigned all rights, including the goodwill, it had in the THIRSTY MULE trademark to Plaintiff.

9. As a result of Plaintiff's long use and promotion of the THIRSTY MULE Mark, the Mark has become distinctive to distinguish Plaintiff and its wines and winery services from those of others, and to distinguish the source or origin of Plaintiff's services. As a result of these efforts by Plaintiff, the consuming public in Texas and throughout the United States widely recognizes and associates the THIRSTY MULE Mark with Plaintiff.

10. In accordance with the provisions of federal law, Plaintiff owns a registration for the THIRSTY MULE WINERY Mark with the United States Patent and Trademark Office. *See* U.S. Reg. No. 5350464. This registration is valid and subsisting. A true and correct copy of this registration is attached hereto as Exhibit A.

11. As a result of Plaintiff's use and promotion of the THIRSTY MULE Mark in Texas and elsewhere, Plaintiff has acquired valuable common law rights in the THIRSTY MULE Mark.

**B.  DEFENDANT'S INFRINGING ACTIVITIES**

12. Defendant operates the Blue Mule Winery located in Fayetteville, Texas where it offers wines and winery services under the BLUE MULE mark. Upon information and belief, the Blue Mule Winery opened in May of 2018.

13. Defendant markets itself to the same clientele by providing wines and winemaking services marketed in the state of Texas.

14. Defendant's use of "Blue Mule" in association with its competing wines and winemaking services is confusingly similar to Plaintiff's products and services and the registered THIRSTY MULE WINERY Mark.

15. The marks themselves extremely similar, with a similar commercial impression given the dominant portion of the marks is the word "mule."

16. There has already been an instance of actual confusion by USElite Wines who has been a longtime supplier of Plaintiff's.

17. Defendant has been aware of Plaintiff's rights in the THIRSTY MULE Mark given the proximity of the Parties and Plaintiff's reputation in the area.

18. Defendant is using the BLUE MULE mark in commerce.

19. Defendant is not affiliated with or sponsored by Plaintiff and has not been authorized by Plaintiff to use the THIRSTY MULE Mark or any confusingly similar mark in relation to wines or winery services.

20. Plaintiff has notified Defendant of Plaintiff's rights in the THIRSTY MULE Mark, yet Defendant has refused to cease the use of its confusingly similar mark.

21. On October 17, 2018, Plaintiff sent a letter to Defendant demanding that it cease the use of its infringing BLUE MULE mark.

22. On December 10, 2018, Defendant's counsel, in response to Plaintiff's letter, did not argue that there was no likelihood of confusion between the two marks. Instead, Defendant argued it had prior common law rights in the "mule" name based upon use by Defendant's supposed legal predecessor Rohan Meadery, LLC. The letter went on to say that if Plaintiff did not agree to draft a co-existence agreement, that it would petition to cancel Plaintiff's federal trademark registration, and would file "a suit in Texas civil court… seeking monetary damages and the cessation of your…use of the mark THIRSTY MULE WINERY or anything resembling it."

23. In fact, Defendant, nor anyone associated with Defendant was an owner of Rohan Meadery, LLC and Rohan Meadery LLC was therefore not Defendant's legal predecessor.

24. The Certificate of Label Approval (COLA) for BLUE MULE is still owned by Rohan Meadery, LLC and Rohan Meadery, LLC has not given Defendant permission to use the COLA.

25. Plaintiff responded to Defendant's December 10, 2018 letter on December 17, 2018 alerting Defendant to the fact that it did not own the COLA it claimed gave its mark priority, and further alerting Defendant to the fact that Plaintiff's first use in commerce of the THIRSTY MULE mark dates back to December of 2014.

26. In response to this letter, Defendant shifted course and now argues that there is no likelihood of confusion.

C. **EFFECT OF DEFENDANT'S ACTIVITIES**

27. Defendant's unauthorized use of BLUE MULE has and is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's wines and winery services.

28. Defendant's unauthorized use of BLUE MULE falsely designates the origin of its goods and services, and falsely and misleadingly describes and represents facts with respect to Plaintiff's goods and services.

29. Defendant's unauthorized use of BLUE MULE enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by Plaintiff, and to gain acceptance for their services not solely on their own merits, but on the reputation and goodwill of Plaintiff, its THIRSTY MULE Mark, and its goods and services.

30. Defendant's unauthorized use of BLUE MULE unjustly enriches Defendant at Plaintiff's expense.  Defendant has been and continues to be unjustly enriched by obtaining a benefit from Plaintiff by taking undue advantage of Plaintiff and its goodwill. Specifically, Defendant has taken undue advantage of Plaintiff by trading on and profiting from the goodwill in the THIRSTY MULE Mark owned by Plaintiff, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and services.

31. Defendant's unauthorized use of BLUE MULE removes from Plaintiff the ability to control the nature and quality of goods and services provided under the THIRSTY MULE Marks, and places the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

32. Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

### IV.    COUNT I:  INFRINGEMENT OF A REGISTERED MARK

33. Plaintiff repeats the allegations above as if fully set forth herein.

34. Defendant's unauthorized use of the BLUE MULE mark in connection with the sale, offering for sale, distribution, and/or advertising of wines and wineries, is likely to cause confusion or mistake or to deceive customers into falsely believing that Defendant's goods and services come from Plaintiff, or that Plaintiff has approved of or sponsored Defendant's services, all in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35. Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the THIRSTY MULE Marks, and with intent to cause confusion and to trade on Plaintiff's goodwill in the THIRSTY MULE Marks.  In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### V.    COUNT II:  FEDERAL UNFAIR COMPETITION

36. Plaintiff repeats the allegations above as if fully set forth herein.

37. The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## VI.    COUNT III:  TEXAS COMMON LAW TRADEMARK INFRINGEMENT

38.    Plaintiff repeats the allegations above as if fully set forth herein.

39.    The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

## VII.    COUNT IV:  COMMON LAW UNFAIR COMPETITION

40.    Plaintiff repeats the allegations above as if fully set forth herein.

41.    The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## VIII.    COUNT V:  UNJUST ENRICHMENT

42.    Plaintiff repeats the allegations above as if fully set forth herein.

43.    The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that:

(a)    Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using "Blue Mule" and any other mark that is confusingly similar to Plaintiff's THIRSTY MULE Mark, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(b)    Defendant be ordered to take all steps necessary to destroy any materials bearing the BLUE MULE mark;

(c) Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(d) Plaintiff recover all damages it has sustained as a result of Defendant's activities, and that said damages be trebled;

(e) An accounting be directed to determine Defendant's profits resulting from its activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(f) Plaintiff recover its reasonable attorney fees;

(g) Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and

(h) Plaintiff recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

DATED: February 7, 2019

Respectfully submitted,

*/s/Joshua Jones*
Joshua G. Jones
Texas State Bar No. 24065517
josh@connorkudlaclee.com
**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Road, Suite 450
Austin, TX 78746
Tel. (512) 552-6123

**ATTORNEY FOR PLAINTIFF
THIRSTY MULE WINERY LLC**